UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY E. GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 04-B-2583-S |
| | ) |
| THE MEGA LIFE AND HEALTH INSURANCE COMPANY; et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Remand. (Doc. 3.)[1] Plaintiff Stanley E. Garrett has sued his insurer, the Mega Life and Health Insurance Company ("Mega Life"), alleging that Mega Life acted in bad faith in dealing with his claims under the policy at issue, that its breached the policy, and that it acted negligently and/or wantonly in processing his claims. (Doc. 1 (Complaint), Counts I through III.) The Complaint also contains an interpleader claim, (*id*., Count IV), asking the court to decide who is entitled to settlement proceeds as between Mega Life, through a subrogation agreement, and numerous health care providers – defendants Dr. David Volgas, Dr. Carl Scott Blankenship, Marshall Medical Center, Marshall Radiology, Mountain Lake Orthopedics, Mid South Home Health, UAB Hospital, and University of Alabama Health Services Foundation ("HSF").

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Mega Life removed this case from the Circuit Court of Jefferson County, Alabama, on the ground that this court had diversity jurisdiction. (Doc. 1.) Mega Life alleged that this court had diversity jurisdiction over plaintiff's Counts I through III against Mega Life and that Count IV, the interpleader claim, and the healthcare providers were fraudulently joined with plaintiff's claims against it. Thereafter, plaintiff filed a Motion to Remand. (Doc. 3.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion to Remand, (doc. 3), is due to be denied as to Counts I through III and to be granted as to Count IV, plaintiff's interpleader claim. Count IV is due to be remanded to the Circuit Court of Jefferson County.

## I. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. Therefore, this court may only hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not **absolutely** clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp.

1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id*. (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 520 U.S. 1162 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of plaintiffs, and all "uncertainties" regarding the substantive state law are resolved in favor of plaintiffs. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

## II. STATEMENT OF FACTS

Plaintiff's Complaint alleges the following facts:

    4. On or about June 23, 2002, the plaintiff purchased a policy of insurance from the Defendant, Mega Life. Said policy was a Basic hospital/medical-surgical policy and was identified as policy number 09053370974.

    5. On July 22, 2002, Mr. Garrett was involved in a motor vehicle collision and suffered serious injuries that required extensive medical treatment and follow-up care.

    6. Despite the terms of the policy, defendant Mega Life has refused to pay all of the Plaintiff's healthcare providers for treatment rendered during the policy period.

    7. Although defendant Mega Life ultimately paid portions of the claims of some of Plaintiff's healthcare providers, Defendant Mega Life delayed an inordinate time in investigating the claims of Plaintiff and such healthcare providers[2] rejected numerous such claims for improper, erroneous or baseless reasons, and knowing or having reason to know that such claims were bona fide, delayed an inordinate time in paying the same.

---

[2] The assumes that plaintiff intended to state that "*Mega Life* rejected numerous such claims . . . ."

> 8. Defendant Mega Life's delay in investigating claims, its wrongful denial of claims and its delay in paying claims hindered and impeded Plaintiff in his ability to secure prompt continuing medical care for the injuries he sustained, and also gave Plaintiff, who was disabled due to the accident and rendered financially destitute, cause to question the propriety of continuing to pay Defendant Mega Life the premiums it continued to demand from Plaintiff.
>
> 9. That, as a consequence of Defendant Mega Life's improper handling of Plaintiff's claims, Plaintiff, who was rendered disabled due to said accident and financially destitute, was given cause to cease paying the premiums demanded by Defendant Mega Life, and Defendant Mega Life cancelled Plaintiff's coverage, although Plaintiff continued to incur subsequent extensive medical expenses arising out of said motor vehicle accident.
>
> 10. That Plaintiff's attorneys have recovered from the driver who caused the accident, the policy limits of her liability insurance coverage, amounting to $25,000.00; however, the amount of the unpaid claims of the Defendant healthcare providers exceeds the sum collected. Furthermore, Defendant Mega Life has notified Plaintiff that it claims subrogation from such funds. After deducting reasonable attorneys fees, the subrogation claim of Mega Life would take all such funds, leaving Plaintiff's healthcare providers unpaid.

(Doc. 1, Complaint, ¶¶ 4-10.)

Mega Life removed plaintiff's Complaint on the ground that complete diversity existed and that the court should ignore the other named defendants on the ground that they were fraudulently joined.

After Mega Life removed this action, defendant UAB, an Alabama resident, filed an Answer to plaintiff's Complaint, which states that it is entitled to $21,153.40, plus court costs, from the interpled funds. (Doc. 5.) Defendant Marshall Medical Center also filed an Answer, alleging that it is entitled to the interpled funds by virtue of a statutory lien. (Doc.

11.) Defendants Volgas and University of Alabama Helath Services Foundation have filed Motions to Dismiss. (Docs. 2, 8.)

### III. DISCUSSION

Plaintiff contends that this matter is due to be remanded to the Circuit Court of Jefferson County because this court does not have jurisdiction over the case due to a lack of complete diversity among the parties.[3] He contends that his interpleader claim is properly joined with his other claims against Mega Life and that his healthcare providers are proper parties to the interpleader claim. Mega Life argues that the interpleader action is not a "cause of action against any non-diverse health care providers," and that "there is no joint, several, or alternative liability between Mega Life and the eight health care providers, and there is no real connection between Garrett's claims against Mega Life and the interpleader." (Mega Life Br. in Opp. to Mot. to Remand at 3-4.)

Alabama recognizes a cause of action for interpleader:

> Interpleader is a means by which a party may prevent being subjected to double or multiple liability. *See* Rule 22, Ala. R. Civ. P. The purpose of interpleader "is to bring all claimants to a fund into court in one action and determine who is entitled to the fund or to a portion of it." *Ex parte Lewis*, 571 So.2d 1069, 1075 (Ala. 1990)(Maddox, J., dissenting). "'Historically, interpleader was available to protect a party who recognized an indebtedness, was willing to pay it, but was only interested in paying it once. The interpleader procedure affords the payor an opportunity to clothe his disbursement with the protection of a judicial determination.'" *Gilbert v. Congress Life Ins. Co.*, 646 So.2d 592, 594 (Ala. 1994)(quoting 1 Champ

---

[3]Under federal law, in a non-statutory interpleader action, diversity jurisdiction requires complete diversity between plaintiff and the claimants. *See Correspondent Services Corp. v. First Equities Corp. of Florida*, 338 F.3d 119, 124 (2d Cir. 2003).

5

Lyons, Jr., ALABAMA RULES OF CIVIL PROCEDURE ANNOTATED, 344 (2d ed. 1986)).

*Childersburg Bancorporation, Inc. v. Alabama Dept. of Environmental Management*, No. 1030409, 2004 WL 1368219, *3 (Ala. June 18, 2004); *see also Reynolds v. Colonial Bank*, 874 So. 2d 497, 500 (Ala. 2003), *modified on rehearing* ("To protect itself from competing claimants, Seminole filed a ***complaint for interpleader*** of the funds pursuant to § 6-6-463, Ala. Code 1975, and Rule 22, Ala. R. Civ. P.")(emphasis added); *Cantley v. Hubbard*, 623 So. 2d 1079, 1080 (Ala. 1993)("Pursuant to Rule 22, Ala. R. Civ. P., [t]he River Gas Corporation brought an ***interpleader action*** to resolve competing claims to production royalties from three methane gas wells operated by River Gas in the Blue Creek Coal Degasification Field in Tuscaloosa County, Alabama.")(emphasis added); Ala. R. Civ. P. 22(a).[4]

Plaintiff's Complaint alleges that Mega Life claims the settlement funds pursuant to a subrogation agreement. However, after the court heard oral argument on plaintiff's Motion to Remand, Mega Life filed a Stipulation to Waive Subrogation Right, waiving its right to

---

[4] Ala. R. Civ. P. 22(a) states:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim.

claim any part of the interpled proceeds. Because Mega Life has no claim to the interpled funds, the court finds that such claim is due to be remanded to the Circuit Court of Jefferson County.

> Section 1367 states:
>
> (a) Except as provided in subsections (b) . . ., in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [diversity jurisdiction], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(a)-(b).

This court has diversity jurisdiction over Counts I through III of plaintiff's Complaint against defendant Mega Life, an Oklahoma corporation with its principal place of busienss in Texas. The amount in controversy of the interpleader claim is only $25,000, and, because Mega Life is no longer a party to the interpleader action, the interpleader action is not "so related to [plaintiff's other] claims in the action within such original jurisdiction that [it]

form[s] part of the same case or controversy under Article III of the United States Constitution."[5]

Based on the foregoing, the court finds that Count IV of plaintiff's Complaint, setting forth his interpleader action, is due to be severed from plaintiff's claims against Mega Life, and the interpleader claim against defendants Volgas, Blankenship, Marshall Medical Center North, Marshall Radiology, Mountain Lake Orthopedics, Mid South Home Health, UAB Hospital, and University of Alabama Health Services Foundation, will be remanded to the Circuit Court of Jefferson County.

An Order denying plaintiff's Motion to Remand as to Counts I through III, granting the Motion to Remand as to Count IV, and severing and remanding Count IV, pursuant to 28 U.S.C. § 1367, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 26th day of January, 2005.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[5]Pursuant to Ala. R. Civ. P., all claims that plaintiff may have against defendant Mega Life may be properly joined in a single action. *Hill v. Hill*, 523 So. 2d 425, 427 (Ala. Civ. App. 1987)("Under Rule 18, Alabama Rules of Civil Procedure, a party may join as many claims, either legal or equitable, as he has against an opposing party . . . ."); Ala. R. Civ. P. 18 ("A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims either legal or equitable, or both, as the party has against an opposing party."). Therefore, at the time plaintiff filed his Complaint, plaintiff could properly join all his claims against Mega Life, including the interpleader against Mega Life and the other claimants to the settlement funds. However, after Mega Life's waiver of its right to seek the interpleader funds, joinder of the interpleader claim is no longer appropriate.